**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| Amanda Murray, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>The Recovery Agents, LLC,<br><br>Defendant. | CASE NO.<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## Nature of this Action

1. Amanda Murray ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against The Recovery Agents, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violate 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing telephone call to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

## Parties

3. Plaintiff is a natural person who at all relevant times resided in Norfolk, Viriginia.

4. Defendant is a Florida limited liability company that provides real estate foreclosure services to consumers, particularly focusing on helping recovery surplus funds that may be available post-foreclosure.

5. Defendant is headquartered in Pompano Beach, Florida, with their principal address located at 2401 E. Atlantic Blvd, STE 400, Pompano Beach, Florida 33062.

6. Upon information and belief, Defendant is owned, operated, and managed by Jacob Babins.

**Jurisdiction and Venue**

7. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

8. Venue is proper before this Court under 28 U.S.C. §§ 1391 (b)(1) and (b)(2) as Defendant is headquartered in this District, and because Defendant engaged in the complained-of conduct from this District.

9. In particular, Defendant directed its solicitation calls to Plaintiff's telephone from this district.

**Factual Allegations**

10. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(757) 642-XXXX.

11. Plaintiff uses her cellular telephone as her personal residential telephone number.

12. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

13. Plaintiff registered her cellular telephone number with the DNC Registry on December 25, 2006, and has maintained that registration through the present date.

14. Starting in early 2025 and continuing through the present, Plaintiff received a plethora of telephone calls from a rotating series of telephone numbers.


1:23 Accompl
954519
Recents
2 found
THE RECOVERY AG
(954) 519-5235
Apr 7
THE RECOVERY AG
(954) 519-5235
Apr 3
954519
1 2 3 4 5 6 7 8 9 0
q w e r t y u i o p
a s d f g h j k l
z x c v b n m
!#1
English (US)


1:35
93%
Phone
Today
[redacted]
THE RECOVERY AG
(954) 519-5235
10:08 AM
THE RECOVERY AG
(954) 708-1696
9:31 AM
[redacted]
Keypad
Recents
Contacts


1:25
Select items
All
[redacted]
THE RECOVERY AG
(754) 315-6584
9:05 AM
Tuesday, May 6
[redacted]
Monday, May 5
[redacted]


1:20
Phone
Monday, June 23
THE RECOVERY AG
(954) 363-1324
9:26 AM
THE RECOVERY AG (2)
(954) 363-1324
9:26 AM
THE RECOVERY AG (3)
(954) 363-1324
9:24 AM
Saturday, June 21
[redacted]
Friday, June 20
Keypad
Recents
Contacts

15. At least some of Defendant's telephone calls included Defendant leaving a voice message, where Defendant was looking for "Sandra."

16. Samples of these voice messages can be found HERE.

17. Upon information and belief, Defendant contacted Plaintiff's telephone number in order to reach a "Sandra Perejo," in order to inquire about helping "Sandra Perejo" secure a foreclosure refund.

18. Plaintiff did not recognize the sender of these telephone calls.

19. Plaintiff did not request any services discussed in the subject telephone calls.

20. Plaintiff is not, and was not, interested in Defendant's services or marketing.

21. Plaintiff did not recognize the names or phone number associated with these voice messages, and had not made any inquiries regarding any aspect of foreclosure surplus fund recovery services.

22. Plaintiff is not "Sandra Perejo", does not know who "Sandra Perejo" is, and is not related to any person named or going by "Sandra Perejo."

23. Furthermore, Plaintiff has never owned property in the State of Florida nor has she ever been subject to foreclosure proceedings for any properties regardless of location.

24. Upon information and belief, due to the number and repetition of telephone calls, Plaintiff believes that Defendant placed additional telephone calls to Plaintiff not specified above.

25. Defendant's website, https://www.therecoveryagents.com/, touts that it provides services to those in foreclosure.[1]

26. More specifically, Defendant provides representation to homeowners who had their homes sold at auction for a surplus, advertising that they represent homeowners' "**best interests**,

---

[1] https://www.therecoveryagents.com/ (last visited November 11, 2025).

working on a contingency-only basis; if we are not able to get you back any money then you will not pay us anything at all."[2]

27. Additionally, Defendant offers additional ancillary services to their primary foreclosure surplus recovery service: "[w]e can also aid you in the foreclosure process by providing you with cash advances, negotiating on your behalf to enable you to stay in the home longer, or helping to find you replacement housing accommodations."[3]

28. As part of Defendant's process, the homeowner signs an agreement that authorizes Defendant to process the foreclosure surplus recovery claim, including having Defendant's attorneys "draft and file all of the appropriate notices and motions", "coordinate with the attorneys from the other parties involved and set a hearing in front of the judge", and administer the payment and disbursement of the foreclosure surplus recovery funds.[4]

29. Defendant employs one or more attorneys to conduct this legal work on behalf of targeted homeowners who agree in writing to being represented by Defendant.[5]

---

[2] *Id.* (emphasis in original); *see also* https://www.therecoveryagents.com/how-we-can-help-you/ ("If you or someone you love is being faced with foreclosure, you may be entitled to additional funds upon the sale of the property. The Recovery Agents will recover those funds for you. The Recovery Agents is here to guide you through the entire foreclosure process, and provide some much-needed assistance along the way whether that includes negotiating on your behalf to enable you to stay in the home longer, or helping to find you replacement housing accommodations. We also can provide you with cash up-front to help you get back up on your feet. Ultimately, we will recover for you the funds that you are entitled to as a result of the foreclosure sale.") (last visited November 11, 2025).

[3] https://www.therecoveryagents.com/ (last visited November 11, 2025).

[4] *Id.*

[5] *See, e.g.*, https://www.therecoveryagents.com/about-us/ ("Since joining the TRA family, [Ashton Rooks] has successfully secured the surplus proceeds from hundreds of foreclosure cases, disbursing millions in funds to homeowners, and rightfully entitled family members alike.") (last visited November 11, 2025).

30. Defendant's websites confirms that they are paid for their work "on the back-end once we have secured the funds on your behalf."[6]

31. Defendant's business purports to take a portion of any surplus funds recovered as payment for its services; therefore, Defendant effectively operates in a manner akin to a traditional contingency-fee law firm, where Defendant provides legal services in exchange for a contingency fee to be paid upon a monetary recovery for the represented party.

32. Separately, Defendant's website presupposes that it communicates with prospective customers *without their consent*, as its website emphasizes "**If you've received communication from us, it's because we can help you. We likely have found money that belongs to you, but is being held by the county clerk. We will recover those funds, at no out-of-pocket expense to you.**"[7]

33. Defendant goes on to reveal its process for obtaining targeted homeowners, as it states that its team of foreclosure experts have identified homeowners through "public record searches, skip traces, and court docket reviews", and separately stating "[w]e use public records, land records, government databases, and skip trace tools and have identified you as the rightful claimant for surplus funds."[8]

34. In other words, Defendant advises on its public-facing website that if persons receive *unexpected* communications from Defendant, it is because Defendant *can possibly* help them with their foreclosure surplus recovery services.

---

6 Will I pay anything upfront to claim these funds?, https://www.therecoveryagents.com/faq/ (last visited November 11, 2025).

7 https://www.therecoveryagents.com/ (last visited November 11, 2025) (emphasis in original).

8 *Id.*

35. Moreover, in response to consumer complaints on the Better Business Bureau, Defendant responded to the following complaint: "Spam calls multiple times per day asking for different people every time. Asked to not be contacted by them multiple times, all ignored[,]" by defending its cold-calling practice, with Defendant noting that "It seems for whatever reason your phone number was sourced under another individual's name facing foreclosure here in the State of ******* not correlated to you from what we understand" and continuing that "We were looking to get in contact with [other person], and it seems your number (phone number with one digit off from the owner's number here in *******) was pulled from that 3rd Party Provider."[9]

36. In response to another complaint that "[t]his organization has been continuously contacting myself and my family regarding a service they provide. They have my personal information and contact information without my family or myself providing them with the information. They have no right to my information, or to continuous contact anyone in my family," Defendant responded: "All information that we have access to is public record and we provide a valuable service to our clients."[10]

37. All of these methods of locating potential homeowners assume a lack of consent given to Defendant before reaching targeted homeowners, as Defendant use various sources of information to identify persons it seeks to contact about its service offerings.

38. Plaintiff did not give Defendant prior express consent or prior express written consent to place calls to her cellular telephone number.

39. In fact, given the number of complaints alleging that Defendant repeatedly calls consumers without consent, Defendant does not seek to obtain prior express consent, or prior

---

[9] https://www.bbb.org/us/fl/pompano-beach/profile/foreclosure-help/the-recovery-agents-llc-0633-90611273/complaints (last visited November 18, 2025).

[10] *Id.*

express written consent, as a matter of course.

40. Upon information and belief, Defendant placed the calls to Plaintiff's cellular telephone number for non-emergency purposes.

41. Upon information and belief, Defendant placed the calls to Plaintiff's cellular telephone number voluntarily.

42. Upon information and belief, Defendant placed the calls to Plaintiff's cellular telephone number under its own free will.

43. The purpose of the solicitation calls at issue was to advertise and to market Defendant's business or services.

44. Plaintiff did not give Defendant prior express invitation or permission to place advertising or telemarketing calls to her cellular telephone number.

45. Plaintiff suffered actual harm as a result of the communications at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

46. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered her cellular telephone number with the DNC Registry.

**Class Action Allegations**

47. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class (the "Class"):

> All persons throughout the United States (1) to whom The Recovery Agents, LLC delivered, or caused to be delivered, more than one telephone call within a 12-month period, promoting The Recovery Agents, LLC's, or its business partners', goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before The Recovery Agents, LLC delivered, or caused to be delivered, at least two of the telephone calls within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

48. Excluded from the Class is Defendant, its officers, directors, managers, and

members, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

49. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

50. The exact number of members of the Class are unknown to Plaintiff at this time and can be determined only through appropriate discovery.

51. The members of the Class are ascertainable because the Class is defined by reference to objective criteria.

52. In addition, the members of the Class are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

53. Plaintiff's claims are typical of the claims of the members of the Class.

54. As they did for all members of the Class, Defendant delivered solicitation telephone calls to Plaintiff's telephone number more than thirty days after Plaintiff registered her cellular telephone number with the DNC Registry.

55. Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendant.

56. Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

57. Plaintiff suffered the same injuries as the members of the Class.

58. Plaintiff will fairly and adequately protect the interests of the members of the Class.

59. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

60. Plaintiff will vigorously pursue the claims of the members of the Class.

61. Plaintiff has retained counsel experienced and competent in class action litigation.

62. Plaintiff's counsel will vigorously pursue this matter.

63. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

64. The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

65. Issues of law and fact common to all members of the Class are:

a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing telephone calls and voice messages;

b. For the Class, Defendant's practice of placing telephone calls, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

c. Defendant's violations of the TCPA; and

d. The availability of statutory penalties.

66. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

67. If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

68. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

69. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

70. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

71. The damages suffered by the individual member of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

72. The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

73. There will be no extraordinary difficulty in the management of this action as a class action.

74. Defendant acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Class**

75. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-74.

76. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

77. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

78. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

79. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

80. Defendant violated 47 U.S.C. § 227(c)(5) because they delivered, or caused to be delivered, to Plaintiff and members of the Class, more than one solicitation call in a 12-month period in violation of 47 C.F.R. § 64.1200.

81. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as a class representative of the Class under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e. Enjoining Defendant from continuing its violative behavior, including placing solicitation calls to telephone numbers registered with the DNC Registry for at least thirty days;

f. Awarding Plaintiff and the members of the Class damages under 47 U.S.C. § 227(c)(5)(B);

g. Awarding Plaintiff and the members of the Class treble damages under 47 U.S.C. § 227(c)(5)(C);

h. Awarding Plaintiff and the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i. Awarding Plaintiff and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

j. Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: November 25, 2025.

*_/s/ Bryan A. Giribaldo_*
Alex D. Kruzyk
Bryan A. Giribaldo
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com

Logan A. Pardell
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Tele: (561) 726-8444
lpardell@pkglegal.com

*Counsel for Plaintiff and the proposed class*